No. 1162, Misc.  CONOVER *v.* HEROLD, STATE HOSPITAL DIRECTOR.  C. A. 2d. Cir.  Certiorari denied.

No. 1166, Misc.  HUTCHINS *v.* FLORIDA.  Sup. Ct. Fla. Certiorari denied.

No. 1175, Misc.  ANGLIN *v.* MARYLAND.  Ct. App. Md. Certiorari denied.

No. 1182, Misc.  EASON *v.* DUNBAR, CORRECTIONS DIRECTOR, ET AL.  C. A. 9th Cir.  Certiorari denied.

No. 1232, Misc.  WALKER *v.* WINGO, WARDEN.  C. A. 6th Cir.  Certiorari denied.  Petitioner *pro se.* *Robert Matthews,* Attorney General of Kentucky, and *George F. Rabe,* Assistant Attorney General, for respondent.

No. 739, Misc.  PIERCE *v.* TURNER, WARDEN.  Sup. Ct. Utah.  Certiorari denied.  Petitioner *pro se.* *Phil L. Hansen,* Attorney General of Utah, for respondent.

MR. JUSTICE DOUGLAS:

Denial of certiorari is proper in this case.  I see no constitutional bar to a state court treating a petition for habeas corpus as a petition for rehearing where the habeas corpus petition raises the same questions as an earlier appeal.  But federal habeas corpus is not so cramped, and the petitioner can, of course, petition a federal district court for a writ of habeas corpus.  The underlying question is whether the *M'Naghten* test of legal insanity is a constitutionally permissible test of criminal liability in light of the contemporary state of knowledge on the problems of insanity.  Should that test give way to the 128 years of experience in the fields of psychiatry and